ARCHIBALD GOLDMAN, Respondent, *v.* JACOB V. BOOTMANN, Appellant.

First Department, November 9, 1917.

**Injunction — violation of agreement not to engage in certain business for specified time — breach of agreement — injunction will not issue where plaintiff has abandoned business.**

Although the defendant on selling his business to the plaintiff agreed not to engage in a similar business within a certain area for a period of five years and subsequently accepted a position as managing clerk of a similar business within that area before the expiration of that time, a temporary injunction restraining the defendant from the violation of his agreement will not issue where the plaintiff has abandoned the business, for under the circumstances he cannot be harmed by the act of the defendant.

*It seems,* however, should the plaintiff resume said business he might be entitled to an injunction notwithstanding his temporary abandonment thereof.

APPEAL by the defendant, Jacob V. Bootmann, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 11th day of June, 1917, granting plaintiff's motion for a temporary injunction.

*Abraham P. Wilkes,* for the appellant.

*I. T. Flatto,* for the respondent.

SMITH, J.:

The temporary injunction restrains the defendant from engaging in any way in any refrigerating or warehouse business, pending the final determination of this action, within a radius of twenty-five miles of the City Hall. The defendant was formerly engaged in that business and sold out to the plaintiff, stipulating not to engage in that business within twenty-five miles of the City Hall for a period of five years. Thereafter the defendant accepted a position as managing clerk for the Standard Cold Storage Company at Nos. 48–50 Jay street, Manhattan. This action is brought to enjoin his acting for the Standard Cold Storage Company, by reason of his covenant.

We are of opinion that this injunction should not have been granted, for the reason that the plaintiff has abandoned this business. Not only has he abandoned it, but his only claim to possible injury lies in his allegation that he " intends to resume business  *  *  *   as soon as it is conveniently possible." If he were now engaged in the business thus purchased, or even if he should resume the business, notwithstanding a temporary abandonment, he would apparently have the right to enjoin the defendant from acting contrary to his covenant. In view of his abandonment of the business, however, no harm can come to him by the act of the defendant, in engaging therein, and this is not a case at least for the granting of a temporary injunction pending the trial of the action.

The order should, therefore, be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

CLARKE, P. J., SCOTT, DAVIS and SHEARN, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.